01

02

03

04

05

06

07

08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09

10

11

12

13

14

| | | |
|---|---|---|
| LINDA CHAU, | ) | CASE NO. C09-1130Z |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MINUTE ORDER |
| | ) | |
| CITY OF SEATTLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

15

16

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

17

18

19

20

21

    (1) This matter came before the Court on defendants' motion for summary judgment, docket no. 20, seeking dismissal of plaintiff's claims. Plaintiff failed to file any argument or evidence in opposition to summary judgment. The Court considers this as an admission that the motion has merit. <u>See</u> Local Rule CR 7(b)(2). The Court has also considered the pleadings of record and the evidence submitted by the defendants in support of their motion for summary judgment, and has concluded that defendant is entitled to judgment as a matter of law and dismissal is appropriate for the following reasons:

22

    (a) A police officer is immune from suit under the doctrine of qualified

01 immunity for violations of section 1983 where (1) the actions of the
officer did not amount to a constitutional violation; (2) the violation was
02 not clearly established; or (3) the officer's actions reflect a reasonable
mistake about what the law requires.   Brooks v. City of Seattle, 599 F.3d
03 1018, 1022 (9th Cir. 2010).   Officer Campbell's actions do not amount to
a constitutional violation, where the only evidence in the record
04 demonstrates that he believed that Chau posed a danger to his safety, and
where Chau concedes that from his perspective, it could have appeared
05 that way.   See Graham v. Connor, 490 U.S. 386, 388 (1989); see also
Miller v. Clark County, 340 F.3d 959 (9th Cir. 2003).
06

07 (b) As federal qualified immunity is appropriate, Officer Campbell is also
entitled to immunity from plaintiff's common law claims for battery and
08 assault under Washington state law.   McKinney v. City of Tukwila, 103
Wn. App. 391 (2000).
09

10 (c) To establish a claim for intentional infliction of emotional distress, a
plaintiff must show 1) extreme and outrageous conduct; 2) intentional or
11 reckless infliction of emotional distress; and 3) actual severe emotional
distress.   Robel v. Roundup Corp., 148 Wn.2d 35 (2002).   As Plaintiff
12 has filed no response to defendants' motion for summary judgment, the
only evidence in the record relating to the emotional distress claims is
13 Officer Campbell's testimony that he believed that Chau intended to strike
him or flee the scene.   Plaintiff cannot establish the element of extreme or
14 outrageous conduct under these circumstances.   Similarly, plaintiff must
present evidence of objective symptomatology to overcome a motion for
15 summary judgment on a claim of negligent infliction of emotional
distress.   Kloepfel v. Bokor, 149 Wn.2d 192 (2003).   Plaintiff has failed
16 to submit any evidence of objective symptomatology in support of her
claims, and cannot rely solely on her pleadings.
17

18 (d) Plaintiff has admitted that she has no evidence to support her claim for
negligent supervision against the City of Seattle.   Altman Decl., docket
19 no. 21, Ex. A (Chau Dep.) at 44.

20 (2) Defendants' motion for summary judgment, docket no. 20, is
GRANTED.   Plaintiff's claims against defendants are DISMISSED
21 with prejudice.

22

MINUTE ORDER
PAGE -2

01

02

03

04

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 29th day of July, 2010.

BRUCE RIFKIN, Clerk

s/ Claudia Hawney

By: _____

Claudia Hawney
Deputy Clerk

MINUTE ORDER
PAGE -3